AO 91 (Rev. 11/11) Criminal Complaint

United States Courts
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

*February 10, 2025*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Jaden Darell Castro<br>Giselle Cepeda<br><br>*Defendant(s)* | )<br>)<br>)   Case No.   **4:25-mj-0066**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 02, 2025__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c)(1)(A)(ii) | Brandishing of a Firearm. |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Discharge of a Firearm. |
| 18 U.S.C. § 2119 | Motor Vehicles. |

This criminal complaint is based on these facts:
**Please see attached affidavit.**

☑ Continued on the attached sheet.

*Complainant's signature*

FBI Special Agent Joseph T. Oppedisano
*Printed name and title*

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 02/10/2025

*Judge's signature*

City and state: Houston, Texas

US Magistrate Judge Peter Bray
*Printed name and title*

## ATTACHMENT A

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph T. Oppedisano, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since March 2019. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2516. I am currently assigned to the FBI Houston Division Field Office as part of the Violent Crimes Task Force. I have participated in investigations of RICO, murder for hire, assaults on federal officers, Hobbs Act violations, violent crimes, drug trafficking, and violations of federal firearms laws, among other things. I have also conducted or participated in surveillances, the execution of search warrants, debriefings of informants and reviews of recorded conversations. Through my training, education, and experience, including conversations with other law enforcement officers, I have become familiar with the patterns of activity regarding aggravated robbery suspects and the methods they employ to plan, coordinate, and conduct these robberies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. This Affidavit is made in support of a criminal complaint charging Jaden Darrell **CASTRO** and Giselle **CEPEDA** with Brandishing of a Firearm in violation of Title 18 U.S.C. § 924(c)(1)(A)(ii), Discharge of a Firearm in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii) and Motor Vehicles in violation of Title18 U.S.C. § 2119. I am familiar with the information

contained in this Affidavit based upon the investigation I have personally conducted and my conversations with other law enforcement officers involved in this investigation.

3. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that violations of Title's 18 U.S.C. § 924(c)(1)(A)(ii), § 924(c)(1)(A)(iii) and § 2119 have been committed by Jaden Darrell Castro and Giselle Cepeda.

## PROBABLE CAUSE

4. The FBI Houston Violent Crimes Task Force (VCTF) is investigating Hobbs Act violations in Houston, Texas. The investigation concerns possible violations by Jaden Darrell **CASTRO** and Giselle **CEPEDA** with Brandishing of a Firearm in violation of Title 18 U.S.C. § 924(c)(1)(A)(ii), Discharge of a Firearm in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii) and Motor Vehicles in violation of Title18 U.S.C. § 2119.

5. Yosviel Puentes **CORDOVE** ("**Victim 1**") worked as an Uber driver. He worked for Uber for approximately one year and before that he immigrated from Cuba with his family. On February 2, 2025, at approximately 1:45 AM CST, **victim 1** began his Uber shift. **Victim 1** filled up his silver, 2022, Toyota Camry Hybrid, bearing Texas license plate 7074C12. After **victim 1** filled up his vehicle, he turned on the Uber application on his cellular phone. Almost immediately, he received a request for a ride, which displayed a female name "**GISELLE**." The pickup location was at 419 W. Little York Road, Houston, Texas 77076, a restaurant named Los Mayitos Mariscos & Wings. **Victim 1** drove to the above listed location and picked up two unknown subjects, one white male and one white female. **Victim 1** described the white male, to be intoxicated, approximately 6'00'-6'04" tall, wearing a black shirt and dark pants, who was later identified as

2

Jaden Darrell **CASTRO** ("**CASTRO**"). **Victim 1** described the white female, approximately 4'10"-5'00" with an unknown clothing, skinny build, who was later identified as Giselle **CEPEDA** ("**CEPEDA**"). **Victim 1** noticed **CASTRO** and **CEPEDA** holding each other and kissing before entering the vehicle. **Victim 1** observed **CASTRO** stumble several times before entering the vehicle. The destination location was 5750 N Sam Houston Parkway, Houston, Texas.

6. **CASTRO** and **CEPEDA** entered the vehicle and got into his back seat. **CEPEDA** got into the vehicle from behind the driver side, slid over, and sat behind the front passenger seat. **CASTRO** entered the vehicle from behind the driver and sat behind the driver. **Victim 1** departed the above listed location and drove Northbound on North Freeway Outbound service road. Within seconds of **victim 1** departing the location he heard the chambering/racking of a firearm coming from the vicinity of **CASTRO**. **Victim 1** knew instantly from the sound that it was a firearm. **Victim 1** who does not speak English as his first language but understands some English words from his wife/children, heard **CEPEDA** state in a joking manor to **CASTRO** "put that away."

7. **Victim 1** pulled his vehicle over somewhere near the 6900 block of North Freeway on the service road. **Victim 1** told **CASTRO** and **CEPEDA** to give him one minute, he exited the vehicle and walked to the front of his vehicle and called 911. While on the phone with 911, **victim 1** observed the back passenger door open behind his driver side door and observed **CASTRO** step his foot out and yell "let's go, let's go." **Victim 1** walked back towards the driver's side door when he observed **CASTRO**, brandishing a firearm bringing it up towards **Victim 1** and pointing it at **Victim 1**. **Victim 1** pushed **CASTRO's** door closed, sending **CASTRO** back into the vehicle. **Victim 1** began to run heading past the back of the vehicle in the direction of the McDonalds. As, he began to run and look back he observed **CASTRO** exit the vehicle standing upright, point the firearm in his direction and shoot several rounds (three) at him. Because McDonalds was closed,

3

**victim 1** stayed near the restaurant while still on the phone with police. **Victim 1** observed **CASTRO** and **CEPEDA** drive away in **Victim 1's** vehicle, travelling North on the North Freeway Service Road.

8. **Victim 1** had a second cellular phone in the vehicle that he used for the Uber application. That phone was left in the vehicle when it was taken by **CASTRO** and **CEPEDA. Victim 1's** wife was able to use "find my iPhone," which pinged at a Chevron gas station, located at 9350 North Freeway, Houston, Texas. **Victim 1's** was found at the Chevron abandoned.

9. Law enforcement recovered from the scene of the crime, two live 9mm rounds and one spent 9mm cartridge. No cartridges were located within the vehicle after being recovered. The handgun was not recovered. Victim 1's cellular phone that was left in the vehicle was recovered.

10. Law enforcement requested an emergency disclosure order with Uber for the customer information. Uber provided the customer's name of Giselle **CEPEDA,** cellular phone number 832-863-7665 and email address of gisellecepeda6@yahoo.com. Uber provided **CEPEDA's** Texas driver's license which displayed her name and home address 18027 Crescent Royale Way, Humble, Texas 77346. Uber provided an excel spreadsheet with two tabs, the first tab was the trip information for the ride above and the second tab was **CEPEDA's** detailed GPS data while the Uber application was open on her cellular phone.

11. During open query data base checks of **CEPEDA**, law enforcement noticed she had a boyfriend who fit the description described above by **victim 1**. Law enforcement conducted records checks for **CASTRO** and **CEPEDA** and noticed they were both arrested in May of 2024. **CASTRO** was arrested for simple assault and **CEPEDA** was arrested for assault on a peace officer. Law enforcement investigated victim 1's above listed vehicle (silver, 2022, Toyota Camry

Hybrid, bearing Texas license plate 7074C12), VIN: 4T1C11AK1NU636857. The above listed vehicle is made and manufactured at Toyota Motor Manufacturing, in Georgetown, Kentucky.

12. On February 6, 2025, **victim 1** was interviewed by law enforcement at Houston Police Department, North station. At the end of the interview **victim 1** was shown two separate double blind photo arrays, one for **CASTRO** and the other for **CEPEDA**. **Victim 1** positively identified **CASTRO's** photo, he circled and initialed it. **Victim 1** did not make a selection for **CEPEDA**.

13. Law enforcement obtained video surveillance from Chevron gas station, located at 9350 North Freeway, Houston, Texas. On February 2, 2025, at approximately 2:00 AM CST, law enforcement observed on CCTV, **victim 1's** above listed vehicle pulls into a front parking spot of the Chevron store. CCTV displayed **CEPEDA** driving the vehicle and exiting the driver's seat. CCTV displayed **CASTRO** exit the front passenger seat. **CASTRO** and **CEPEDA** are seen on CCTV, look in the back seat of the vehicle, and then depart the location walking away from the vehicle on foot.

## CONCLUSION

14. Based upon the information delineated above, I believe that probable cause exists for the issuance of a Criminal Complaint charging Jaden Darrell **CASTRO** and Giselle **CEPEDA** with Brandishing of a Firearm in violation of Title 18 U.S.C. § 924(c)(1)(A)(ii), Discharge of a Firearm in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii) and Motor Vehicles in violation of Title18 U.S.C. § 2119.

Respectfully submitted,

5

_____
Joseph T. Oppedisano
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me by telephone on February 10, 2025 and I find probable cause.

_____
Honorable Peter Bray
United States Magistrate Judge
Southern District of Texas

6